UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KAYLIL JOHNSON, an infant under the age of 18,
by his mother and natural guardian, SHANIK JOHNSON,

                  Plaintiffs,

       -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, NASSAU COUNTY POLICE OFFICER
BRIAN RODEN, NASSAU COUNTY POLICE
SARGAENT BRENDAN O'MARA and OFFICERS
JOHN DOE 1 THROUGH 8,

                  Defendants.
------------------------------------------------------------------X

Index No.: CV-4746-09

**FIRST AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff KAYLIL JOHNSON, by his attorneys, Law Offices of Eliot F. Bloom, P.C., complaining of Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER BRIAN RODEN, NASSAU COUNTY POLICE SARGAENT BRENDAN O'MARA and OFFICERS JOHN DOE 1 THROUGH 8, upon information and belief, alleges as follows:

## JURISDICTION AND VENUE

    1.    This is an action at law to redress the use of excessive force and other violations of the infant Plaintiff's rights under the Constitution, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

    2.    Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 42 U.S.C. § 1983, as well as 28 U.S.C. §§ 1343 and 1367 to invoke the pendant jurisdiction of this Court to hear and decide claims arising under New York State Law.

3. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose and where one ore more of the parties reside.

## JURY DEMAND

4. Plaintiff respectfully demands a trial by jury of all issues properly triable thereby in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5. That at all times relevant and material to this Complaint, Plaintiff KAYLIL JOHNSON was a citizen of the United States and a twelve (12) year old infant (hereinafter referred to as "infant Plaintiff") residing at 11 Henry Street, Roosevelt, New York 11575, within the jurisdiction of this Court.

6. That at all times relevant and material to this Complaint, Plaintiff SHANIK JOHNSON was a citizen of the United States, residing at 11 Henry Street, Roosevelt, New York 11575, within the jurisdiction of this Court, and the legal guardian of the infant Plaintiff.

7. That at all times relevant and material to this Complaint, Defendant COUNTY OF NASSAU is a municipality and/or municipal corporation maintaining offices at One West Street, Mineola, New York, in the County of Nassau, State of New York.

8. That at all times relevant and material to this Complaint, Defendant NASSAU COUNTY POLICE DEPARTMENT is a municipal entity maintaining offices at 1490 Franklin Avenue, Mineola, New York 11501.

9. Upon information and belief, during all times relevant and material to this case, Defendant NASSAU COUNTY POLICE OFFICER BRIAN RODEN (referred to hereinafter as "Defendant Officer") was employed by COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT, and is sued as an agent of the Defendants COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT, and for his individual actions alleged herein, and is a resident of New York State within the jurisdiction of this Court.

10. Upon information and belief, during all times relevant and material to this case, Defendant NASSAU COUNTY POLICE SARGAENT BRENDAN O'MARA, (referred to hereinafter as "Defendant Officer") was employed by COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT, and is sued as an agent of the Defendants COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT, and for his individual actions alleged herein, and is a resident of New York State within the jurisdiction of this Court.

11. Upon information and belief, during all times relevant and material to this case, Defendant OFFICERS JOHN DOE 1 THROUGH 8 (hereinafter referred to as "Defendant Officers"), were employed by COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT, and are residents of New York State within the jurisdiction of this Court.

12. Upon information and belief, during all times relevant and material to this case, the conduct of Defendant Officers complained-of herein was done as part of the custom, practice usage, regulation, and/or direction of Defendant COUNTY OF NASSAU and/or Defendant NASSAU COUNTY POLICE DEPARTMENT within the scope of employment and under color of law, and Defendant COUNTY OF NASSAU and/or NASSAU COUNTY POLICE DEPARTMENT are thus responsible for the actions of the individual Defendant Officers complained-of herein under 42 U.S.C. § 1983.

13. That on December 10, 2008 Plaintiff duly served on Defendants COUNTY OF NASSAU and NASSAU COUNTY POLICE DEPARTMENT a Notice of Claim setting forth the time when and place where the incident which is the subject of this lawsuit occurred and the nature and extent of the injuries and damages sustained.

## STATEMENT OF FACTS

14. This action arose out of events that began at approximately 7:10 a.m. on or about October 30, 2008 on Henry Street in Hempstead, New York. At that time the infant Plaintiff, was a passenger in the backseat of a vehicle driven by his parents—Plaintiff SHANIK JOHNSON and Kenyartta Johnson, the infant Plaintiff's father—on his way to school.

15. While sitting in the back of his parents' vehicle, said vehicle was approached by approximately twenty (20) police officers—some in uniform and some in plainclothes—with guns drawn, who proceeded to stop and surround the vehicle that the infant Plaintiff was traveling in. The Defendant Officers, without properly identifying themselves as officers of Defendant NASSAU COUNTY POLICE DEPARTMENT or any other agency or administrative body, ordered, with guns drawn and without cause or reason, that the infant Plaintiff immediately exit the vehicle, while also ordering that the infant Plaintiff's parents remain in the vehicle. However, before the infant Plaintiff had an opportunity to comply with the Defendant Officers' request, an individual officer opened the back passenger door of the vehicle, reached in, physically grabbed the infant Plaintiff by his arm and forcibly pulled the infant Plaintiff from the backseat of the vehicle. At this time the infant Plaintiff noticed that the side of some of the cars surrounding the vehicle the infant Plaintiff was traveling in bore the words "Nassau County".

16. That, upon exiting the vehicle, the infant Plaintiff's book bag was immediately searched by the Defendant Officers without consent, reason or further explanation as to the Defendant Officers' identity or authority. At all times the infant Plaintiff's book bag was forcibly searched it remained on the infant Plaintiff's back. The individual officer that searched the infant Plaintiff's bookbag removed books from the bag and leafed through its pages while interrogating the infant Plaintiff as to his age and relationship to the other passengers in the vehicle.

17. The Defendant Officers contemporaneously searched the infant Plaintiff's person—namely the pockets of his pants—without providing reason or explanation as to their identity or authority. At this time the infant Plaintiff noticed a patch on the side of one of the Defendant Officer's uniform sleeves with bore both the words "Nassau County" and an insignia.

18. Upon the aforementioned unauthorized search of the infant Plaintiffs' person and belongings, the Defendant Officers ordered that the infant Plaintiffs' parents exit the vehicle, at which time the Defendant Officers repeatedly interrogated Plaintiff SHANIK JOHNSON and Kenyartta Johnson as to how they knew the infant Plaintiff. For approximately one (1) hour the Officers repeatedly yelled at and harassed Plaintiff SHANIK JOHNSON and Kenyratta Johnson as to their relationship to the infant Plaintiff in the immediate presence of the infant Plaintiff. During this entire period the Officers intimated and implied that Shanik Johnson and Kenyratta Johnson were not the parents of the infant Plaintiff.

19. Contemporaneously with the foregoing, several individual officers, without the consent of the infant Plaintiff or his parents, opened the vehicle's trunk and inspected its contents.

20. As a result of the foregoing, the infant Plaintiff has suffered and continues to suffer from, *inter alia*, mental and emotional distress, stomach aches, headaches, anxiety, fearfulness and nightmares.

21. Prior to the filing of this Complaint, Plaintiff duly filed a Notice of Claim on Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU in compliance with New York State Municipal Law § 50 et. seq.

22. More than thirty (30) days have elapsed and Defendants have failed and refused to pay or adjust the claim. Plaintiffs have complied with all conditions precedent.

## AS AND FOR A FIRST CLAIM FOR RELIEF,
## 42 U.S.C. § 1983, FOURTH & FOURTEENTH AMENDMENT VIOLATION

23. Plaintiffs repeat and reallege paragraphs "1" through "22" as if each paragraph is repeated verbatim herein.

24. Defendant Officers seized the infant Plaintiff without probable cause and with malice and intentional disregard for the infant Plaintiff's rights. Defendant Officers thereby violated the infant Plaintiff's right to be free from unreasonable seizures, secured to him under the Fourth and Fourteenth Amendments to the Constitution. By violating the infant Plaintiff's constitutional rights under color of State Law, Defendant Officers violated 42 U.S.C. § 1983.

25. Due to the actions and restraint of Defendant Officers, the infant Plaintiff reasonably and justifiably believed that he was not free to leave the restraint of Defendant Officers, decline the Defendant Officers' requests or to otherwise terminate the encounter.

## AS AND FOR A SECOND CLAIM FOR RELIEF,
## 42 U.S.C. § 1983, FOURTH & FOURTEENTH AMENDMENT VIOLATION

26. Plaintiffs repeat and reallege paragraphs "1" through "25" as if each paragraph is repeated verbatim herein.

27. Defendant Officers used excessive force against the infant Plaintiff at the scene of the within incident. Defendant Officers caused the infant Plaintiff mental and emotional injury. The Officers' encounter with the infant Plaintiff was carried out maliciously and sadistically for the very purpose of causing harm and not in good faith to maintain or restore order, all in violation of the infant Plaintiff's Fourth and Fourteenth Amendment rights to be free from unnecessary and wanton use of force. By violating constitutional rights under color of State Law, the Defendant Officers violated 42 U.S.C. § 1983.

### AS AND FOR A THIRD CLAIM FOR RELIEF, FAILURE TO INTERVENE

28. Plaintiff repeats and realleges paragraphs "1" through "27" as if each paragraph is repeated verbatim herein.

29. Defendant Officers had an affirmative duty to intervene on the infant Plaintiff's behalf to prevent the violation of his constitutional rights.

30. Defendant Officers failed to intervene on the infant Plaintiff's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

31. Defendant Officers were at all times agents, servants and employees acting within the scope of their employment of Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, which are therefore responsible for their conduct.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, the infant Plaintiff's constitutional rights were violated and he was subjected to the abuse, excessive force and other damage as more fully set forth herein.

33. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### AS AND FOR A FOURTH CLAIM FOR RELIEF, BATTERY

34. Plaintiffs repeat and reallege paragraphs "1" through "33" as if each paragraph is repeated verbatim herein.

35. The infant Plaintiff was physically seized in his parents' vehicle, pulled out of said vehicle and placed outside of the vehicle.

36. At the time the infant Plaintiff was forcibly removed from his parents' vehicle he was wearing his bookbag on his back. His bookbag, while still on his person, was forcibly searched without his consent or without an explanation as to the Defendant Officers' justification or authority.

37. At the time the infant Plaintiff was forcibly seized he was not attempting to resist arrest or escape.

38. Taking into consideration all of the circumstances existing at the time and place of the complained-of incident, it was not reasonable for Defendant Officers to believe that the infant Plaintiff was attempting to resist arrest or escape.

39. Taking into consideration all of the circumstances existing at the time and place of the complained-of incident, it was not reasonable for Defendant Officers to use the degree of force they used against the infant Plaintiff.

40. As a direct and proximate result of Defendant Officers' misconduct and abuse of authority detailed above, the infant Plaintiff sustained the damages herein before alleged.

41. Defendant Officers were responsible for the battery of the infant Plaintiff. Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU are responsible for the wrongdoing of Defendant Officers under the doctrine of respondeat superior.

42. Defendant Officers were at all times agents, servants and employees acting within the scope of their employment by Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, which are therefore responsible for their conduct.

43. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR A FIFTH CLAIM FOR RELIEF, ASSAULT

44. Plaintifsf repeat and reallege paragraphs "1" through "43" as if each paragraph is repeated verbatim herein.

45. Defendant Officers exhibited intentional conduct toward the infant Plaintiff, including the brandishing of multiple guns, in a menacing fashion as if with the intent to physically harm and otherwise injure the infant Plaintiff.

46. That by doing so, Defendant Officers intentionally placed the infant Plaintiff in apprehension of imminent harmful and offensive contact.

47. Defendant Officers had the real and apparent ability to bring about harmful and offensive contact with the infant Plaintiff.

48. The assault by Defendant Officers was unnecessary and unwarranted in the performance of their duties, and thus constituted an unreasonable use of force.

49. Defendant Officers acted under pretense and color of state law, in their individual and official capacities and within the scope of their respective employment.

50. Defendant Officers acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

51. Defendant Officers were responsible for the assault on the infant Plaintiff. Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU are responsible for their wrongdoing under the doctrine of respondeat superior.

52. The misconduct and abuse detailed above is the direct and proximate cause of the damages sustained by the infant Plaintiff.

53. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### AS AND FOR A SIXTH CLAIM FOR RELIEF, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiffs repeat and reallege paragraphs "1" through "53" as if each paragraph is repeated verbatim herein.

55. Defendant Officers' extreme and outrageous conduct toward the infant Plaintiff exceeded all bounds of decency tolerated by civilized society.

56. Defendant Officers' conduct was intended to cause the infant Plaintiff to suffer severe emotional distress.

57. Defendant Officers ignored and otherwise disregarded a substantial probability that their conduct would cause the infant Plaintiff to suffer severe emotional distress.

58. As a result of the conduct of Defendant Officers, the infant Plaintiff has suffered and will continue to suffer severe emotional distress.

59. The conduct of Defendant Officers is both the actual and proximate cause of the infant Plaintiff's severe emotional distress.

60. Defendant Officers were responsible for intentionally causing the infant Plaintiff to suffer severe emotional distress. Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU are responsible for the wrongdoing of Defendant Officers under the doctrine of respondeat superior.

61. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### As and For a Seventh Claim for Relief, Negligent Hiring/Training/Supervision/Retention

62. Plaintiffs repeat and reallege paragraphs "1" through "61" as if each paragraph is repeated verbatim herein.

63. Upon information and belief, Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU owed a duty of care to the infant Plaintiff to prevent the illegal search, seizure and use of excessive and unreasonable force against him.

64. Upon information and belief, Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU selected, hired, trained, retained, assigned and supervised all members and officers of the Nassau County Police Department.

65. Upon information and belief, Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU were negligent and careless when they selected, hired, trained, retained, assigned, and supervised members and officers of the Nassau County Police Department, including the Defendant Officers.

66. Upon information and belief, Defendant Officers' conduct complained-of herein occurred within the scope of employment and in accordance with the training and supervision

provided by Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU.

67. Upon information and belief, Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU knew and were aware that the Defendant Officers were incompetent and unfit for their positions.

68. Upon information and belief, Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU knew or should have known through the exercise of reasonable diligence that the Defendant Officers had a propensity to commit the misconduct that caused the infant Plaintiff's injuries.

69. Upon information and belief, Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU did not investigate or otherwise correct the Defendant Officers' incompetence prior to the complained-of occurrence.

70. Upon information and belief, Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU could reasonably have anticipated that the Defendant Officers' incompetence would likely lead to injury to others.

71. Upon information and belief, Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU failed to use reasonable care to correct or remove Defendant Officers.

72. Upon information and belief, the negligence of Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU in hiring and retaining the Defendant Officers proximately caused the infant Plaintiff's injuries.

73. As a result of the foregoing, the infant Plaintiff was assaulted, deprived of his liberty, denied fundamental constitutional rights, illegally search, improperly seized and caused to suffer severe mental and emotional distress.

### AS AND FOR AN EIGHT CLAIM FOR RELIEF, NEGLIGENCE

74. Plaintiffs repeat and reallege paragraphs "1" through "73" as if each paragraph is repeated verbatim herein.

75. Defendants were negligent in all of their interactions with the infant Plaintiff, including, but not limited to, their initial contact with the infant Plaintiff, subsequent contact with the infant Plaintiff, seizure of the infant Plaintiff, searching of the infant Plaintiff's person, and use of police equipment and force to approach and detain the infant Plaintiff.

76. Defendants failed to comply with applicable police custom, practice and usage in all of their interactions with the infant Plaintiff, including, but not limited to, their initial contact with the infant Plaintiff, subsequent contact with the infant Plaintiff, seizure of the infant Plaintiff, searching of the infant Plaintiff's person, and use of police equipment and force to approach and detain the infant Plaintiff.

77. By reason of the foregoing, the infant Plaintiff was deprived of his liberty, was improperly detained and otherwise confined, and was caused to suffer and continues to suffer from ongoing mental and emotional distress.

78. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiffs shall recover compensatory damages in the sum of Five Million Dollars ($5,000,000.00) against Defendant Officers and Defendants NASSAU COUNTY POLICE DEPARTMENT and COUNTY OF NASSAU, jointly and severally, together with interest and costs; and punitive damages in the sum of Five Million Dollars ($5,000,000.00) against Defendant Officers, individually, jointly and severally.

    a.    That Plaintiffs recover the cost of the suit herein, including reasonable attorney fees pursuant to 42 U.S.C. § 1988.

    b.    That Plaintiffs have such other and further relief as the Court shall deem just and proper.

Dated: Mineola, New York
        February 20, 2012

LAW OFFICES OF ELIOT F. BLOOM, P.C.

By: Eliot F. Bloom, Esq. (9423)
*Attorney for Plaintiffs*
2 Hillside Avenue
Williston Park, New York 11596
(516) 739-5300