UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KAYLIL JOHNSON, an infant under the age
of 18, by his mother and natural guardian,
SHANIK JOHNSON,

                        Plaintiffs,                           **REPORT AND
RECOMMENDATION**

            -against-                               CV 09-4746 (WFK) (GRB)

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT and OFFICERS
JOHN DOE 1 through 10,

                        Defendants.
---------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

Plaintiff Kaylil Johnson ("Kaylil")[1] -- age twelve at the time of the events at issue here --

and his mother Shanik Johnson ("Ms. Johnson") (collectively, "plaintiffs") allege that the

defendant police officers ("officers") removed Kaylil from a car, searched his person and

backpack, and detained him without consent or cause to do so.  After considerable discovery and

several attempts at settlement, including conferences over which the undersigned presided,

plaintiffs agreed to the terms of an offer totaling $47,500.00, inclusive of attorney's fees and

costs.  The parties seek approval of the settlement, and such application was referred to the

undersigned for report and recommendation.  For the reasons set forth herein, it is recommended

that the motion to approve the proposed infant compromise be GRANTED.

---

[1] Actions brought in the name of a minor should ordinarily identify the minor only by his initials, *see* Fed. R. Civ. P. 5.2(a), however since the complaint was filed using the minor plaintiff's name, the Court will follow suit.  *See* Fed. R. Civ. P. 5.2(h) ("A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal.").  Further, because plaintiff's name has been made part of the public record, it cannot now be sealed.  *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 134 (2d Cir. 2004) (Courts "simply do not have the power . . . to make what has thus become public private again . . .whether it be settlement terms of a discrimination lawsuit or the secret to making the hydrogen bomb").

## FACTUAL BACKGROUND

Plaintiffs allege violations of 42 U.S.C. § 1983 and common law torts for the defendants'
conduct during a vehicle stop in 2008.  *See generally* Amended Complaint, DE [47].  In brief
terms, approximately twenty officers allegedly surrounded the plaintiffs' car with guns drawn,
pulled the infant Kaylil from the back seat, searched his backpack and his person without
consent, and proceeded to interrogate Kaylil and his parents for upwards of one hour.  *Id.* ¶¶
15-18.  The officers also allegedly searched the plaintiffs' vehicle without consent.  *Id.* ¶ 19.  The
officers allegedly lacked justification for their actions.  *E.g., id.* ¶¶ 24, 27.

Defendants' motion to dismiss resulted in dismissal of the Nassau County Police
Department as a defendant and several claims against the officers and the County, but several
claims survived.  *See* Memorandum & Order, Sept. 27, 2010, DE [18].

Plaintiffs' counsel conducted written discovery, First Motion for Approval of Infant
Compromise Ex. 1, ¶¶ 8, 10, DE [61] (hereinafter, "Bloom Declaration"), and participated in
Kaylil's 50-h hearing and the plaintiffs' depositions.  *Id.* ¶¶ 3, 9.  Counsel sought, at one point, to
depose as many as twelve of the police officers involved in the incident, *see* First Motion to Take
Deposition, Aug. 19, 2011, DE [29], and conducted three such depositions before settlement
discussions led to the instant proposed compromise.  Bloom Decl. ¶¶ 14, 19.

The parties participated in two settlement conferences before the undersigned.  Minute
Entry, Feb. 13, 2012, DE [46]; Minute Entry, May 3, 2012, DE [54].  Although the parties did
not initially agree to settle, Electronic Order, May 11, 2012, they subsequently reached an
agreement essentially along the lines of the compromise recommended by the undersigned
following settlement discussions.  *See* DE [57], [58].

Plaintiffs filed a motion seeking approval of the compromise.  First Mot. for Approval of

Infant Compromise ("Compromise Motion").  The Motion attaches declarations by plaintiff Shanik Johnson and plaintiff's counsel, each of which sets forth the facts underlying the complaint and the terms of the settlement, including disbursements for costs and attorney's fees. *Id.* Exs. 1, 2.

The settlement calls for an aggregate payment to plaintiffs in the amount of $47,500.00. Bloom Decl. ¶¶ 22.  Plaintiffs propose to approve $1,065.00 in disbursements to plaintiffs' counsel for costs actually incurred in the litigation.  *Id.* ¶ 28; Compromise Mot. Ex. 3 ("Disbursements and Expenses").  Plaintiffs' retainer calls for one-third of the remaining figure to be paid to plaintiffs' counsel in fees, Bloom Decl. ¶ 4, and accordingly plaintiffs seek approval of payment of $15,478.00 to plaintiffs' counsel.  *Id.* ¶ 28.  The proposed compromise therefore calls for a net of $30,957.00 to be paid to Kaylil, to be held by his mother Shanik until Kaylil reaches age 18.  *Id.*

Plaintiff Shanik Johnson approves of the settlement in her declaration.  Compromise Mot. Ex. 2.  Ms. Johnson avers that Kaylil has suffered no lasting physical or emotional injuries from the search and seizure alleged, and only missed school on the day of the incident.  *Id.* ¶ 7-9.  Ms. Johnson believes that the expenses and disbursements sought are "reasonable and necessary," *id.* ¶ 10, and declares "I approve of the terms of the settlement and the terms of distribution outlined above."  *Id.* ¶ 16.

Pursuant to an order by the undersigned, plaintiffs' counsel submitted attorney time records reflecting hours worked and fees incurred in the prosecution of this action.  Letter Hours pertaining Shanik, Dec. 12, 2012, DE [66] ("Attorney Time Records").  Plaintiffs' counsel purports to have spent 199 hours on this case since its inception.  *Id.*  The hourly rate varies between $225.00 per hour and $350.00 per hour.  *Id.*

District Judge William F. Kuntz II referred the Motion to Approve of Infant Compromise to the undersigned for Report and Recommendation. *See* Order, Nov. 14, 2012.

## DISCUSSION

**Applicable Law**

Before settling an action by or on behalf of a minor, the parties must seek approval of the Court, which must be embodied in an order, judgment or decree. *See* Local Rule 83.2. The Court may only grant leave to settle a minor's claim where the proposed settlement is "fair, reasonable, and adequate, [] comparing the terms of the compromise with the likely rewards of litigation." *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (citing *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995)) (reviewing settlement of incompetent); *see also Doe v. Mattingly*, No. 06-CV-5761, 2007 U.S. Dist. LEXIS 59541, at *4 (E.D.N.Y. Aug. 14, 2007) (citing *Neilson*, 199 F.3d at 654). This obligation is founded on the long-standing principle that underage parties "are wards of [the] court." *Neilson*, 199 F.3d at 654. The Court's fairness inquiry is limited: it need not decide the merits of the case or resolve unsettled legal questions. *See Jurdine v. City of New York*, No. 07- CV-2915, 2008 U.S. Dist. LEXIS 119113, at *8 (E.D.N.Y. Mar. 12, 2008) (citing *In re McDonnell Douglas Equip. Leasing Sec. Litig.*, 838 F. Supp. 729, 739 (S.D.N.Y. 1993)).

A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and, (iii) there has been sufficient discovery to enable counsel to act intelligently. *Mattingly*, 2007 U.S. Dist. LEXIS 59541, at *4; *Orlandi v. Navistar*

*Leasing Co.*, No. 09-CV-4855, 2011 U.S. Dist. LEXIS 99484, at *7 (S.D.N.Y. Sept. 2, 2011).

Courts also give deference to the parent or legal guardian's view that a proposed settlement is

fair for the minor litigant.  *See, e.g.*, *Orlandi*, 2011 U.S. Dist. LEXIS 99484, at *7.

  "The Court must ensure that the allocation of attorney's fees from the settlement proceeds

represents suitable compensation for the attorney for his services, notwithstanding contingency

agreements with a party."  *De Alvarez v. City of New York*, No. 10-CV-4434, 2012 U.S. Dist.

LEXIS 79991, at *5-6 (E.D.N.Y. May 16, 2012) (internal quotation marks omitted); *see also*

*Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd, & Carwile, P.C.*, 596

F.3d 84, 90 (2d Cir. 2010) (citing *White v. DaimlerChrysler Corp.*, 57 A.D.3d 531 (App. Div. 2d

Dep't 2008), for the proposition that, under New York Judiciary Law § 474, "a contract between

the attorney and the infant guardians providing for a contingency fee is to be considered by the

judge, but it is not binding").  "In order to determine whether a proposed attorney fee is

reasonable, a court must consider what a reasonable paying client would be willing to pay for the

legal services."  *Griffiths v. Chaddha Amit Jugalkishore*, No. 09-CV-2657, 2010 U.S. Dist.

LEXIS 117011, at *20 (S.D.N.Y. Oct. 13, 2010) (quoting *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 112 (2d Cir. 2007)) (internal citations

omitted).  "The [typical] starting point in analyzing whether claimed attorney's fees are

appropriate … is not Plaintiffs' fee agreement, but rather the lodestar—the product of a

reasonable hourly rate and the reasonable number of hours required by the case."  *D.J. v. City of*

*New York*, No. 11-CV-5458, 2012 U.S. Dist. LEXIS 160759, at *17 (S.D.N.Y. Oct. 16, 2012)

(citing *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011)) (internal citations

omitted).  "[A]bsent unusual circumstances attorneys are required to submit contemporaneous

records with their fee applications. … [This is] a strict rule from which attorneys may deviate

only in the rarest of cases." *Scott v. City of New York*, 643 F.3d 56, 58 (2d Cir. 2011).

Courts are directed to conform the infant compromise proceedings as nearly as possible

to New York State statutes and rules, although the Court is authorized to dispense with the New

York State requirements "for cause shown."  Local Rule 83.2; *see also Neilson*, 199 F.3d at 655

("Rule 83.2 is hardly a rigid obligation imposed on district courts.").  The New York procedures

for settling a case on behalf of an infant are set forth in N.Y. C.P.L.R. § 1208.  That statute

requires the infant's representative and attorney to make representations to the Court concerning,

*inter alia*, the terms of the settlement, the circumstances giving rise to the action or claim, the

extent of the damages sustained by the infant as documented in medical or hospital records, and

reasons for recommending the settlement.  *See* N.Y. C.P.L.R. § 1208 (McKinney 1997).

### Application to the Instant Case

As an initial matter, the Court finds that good cause supports dispensing with the

procedures set forth in the applicable New York state laws governing infant compromises.  The

undersigned conducted two settlement conferences with the parties and recommended, on the

record, settlement terms similar to those proposed here.  These recommendations came after

lengthy review of the matter, and considering the risks, burdens, inconvenience and costs to all

parties.  Plaintiffs have also sufficiently set forth in their motion papers the terms of the

settlement, the circumstances giving rise to the action or claim, the extent of the damages

sustained by the infant, and reasons for recommending the settlement.  The Court gives

deference to plaintiff Shanik Johnson's approval of the terms of the settlement for her child,

Kaylil.  *See, e.g.*, *Orlandi*, 2011 U.S. Dist. LEXIS 99484, at *8-9.

Further, the conduct of the case to date creates a strong presumption that the settlement is

fair and reasonable.  First, counsel arrived at this settlement after extensive arm's length

negotiations, including two attempts at settlement mediated by the undersigned.  Second, having

witnessed counsel's performance during these negotiations, it appears that plaintiffs have been

well served by their counsel.  Finally, there is little reason to doubt that the written discovery

demands and the depositions of three of the officers involved constituted discovery sufficient to

enable plaintiffs and their counsel to make a reasoned determination to accept the proposed

settlement.

Particularly in light of the above presumptions, the Court finds the proposed settlement

fair, reasonable, and adequate.  In making this determination, the Court compares the terms of

the compromise with the likely rewards of litigation.  *Neilson*, 199 F.3d at 654.  Other matters

involving relatively brief periods of unlawful detention have commanded sums less generous

than the proposed settlement here.  *See e.g.*, *Kerman v. City of New York*, 374 F.3d 93, 125-126

(2d Cir. 2004) ("The damages recoverable for loss of liberty for the period spent in a wrongful

confinement are separable from damages recoverable for such injuries as physical harm,

embarrassment, or emotional suffering; even absent such other injuries, an award of several

thousand dollars may be appropriate simply for several hours' loss of liberty."); *see also*

*Gardner v. Federated Dep't Stores, Inc.*, 907 F.2d 1348, 1353 (2d Cir. 1990) (ordering new trial

on damages for eight hours deprivation of liberty "unless [plaintiff] agrees to remit the amount in

excess of $50,000").  Thus, the proposed amount appears fair and adequate, especially when

weighed against the risk that a jury could award little or no damages.

The Court also finds the proposed disbursements and attorney's fees reasonable.  The

infant plaintiff's mother approves of the amounts.  The cost disbursements are limited to the

incidentals of litigation, which amounts would ordinarily be borne by the party.  The proposed

fees are also reasonable.  The Attorney Time Records demonstrate with considerable clarity that the hours counsel devoted to this action helped lead to its successful resolution.  The fees incurred correlate to pleadings, a lengthy battle over the motion to dismiss, fulsome discovery that led to reasoned settlement negotiations, and the settlement process itself, which was lengthy in its own right.  *See* Attorney Time Records.  The monetary return on counsel's 199 hours of work is $15,478.00 -- or less than $78.00 per hour, an exceedingly reasonable rate in this District.  Accordingly, the undersigned recommends authorizing the disbursements and fees sought in plaintiffs' application.

## CONCLUSION

For all of the reasons set forth above, it is respectfully recommended that approval of the proposed settlement be GRANTED.

## OBJECTIONS

A copy of this Report and Recommendation is being mailed to the representatives of each of the parties.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.**  *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v.*

*Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's

report operates as a waiver of any further judicial review of the magistrate's decision").


Dated: Central Islip, New York
       December 19, 2012

                                        /s/ Gary R. Brown
                                        United States Magistrate Judge